# Lewin & Baglio, LLP
### Attorneys and Counselors at Law

Partners:
Lev J. Lewin, Esq.
Michael P. Baglio, Esq.

1100 Shames Drive
Suite 100
Westbury, NY 11590
(516) 307-1777 (Office)
(516) 307-1770 (Fax)

January 13, 2025

**VIA ECF**

Ona T. Wang, United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street New York, NY 1000

This document appears to be a duplicate of the letter motion at Dkt. 58. It was addressed by Judge Wang at Dkt. 61. The Clerk of Court is requested to terminate the motions at Dkt. 58 and 62.

**SO ORDERED.**

Dated: January 23, 2025
New York, New York

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

**Re: NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C. & EAST COAST PLASTIC SURGERY, P.C.against AETNA LIFE INSURANCE COMPANY; 1:22-cv-08713-JLR-OTW; PERMISSION FOR LATE FILING**

Your Honor:

Lewin & Baglio, LLP, represents the Plaintiffs in the above-captioned matter. I write in connection with the Court's Order to Show Cause dated December 2, 2024, requiring Plaintiffs to submit their response "in writing, filed on each respective docket by January 10, 2025." Plaintiffs respectfully request the Court's permission to file their response to the Order to Show Cause on January 13, 2025.

On January 10, 2025, Plaintiffs' response to the Order to Show Cause was fully prepared and ready for filing. Unfortunately, I encountered an issue while attempting to file the response due to a misunderstanding of the correct electronic filing event type. Responses to Orders to Show Cause must be filed under "Initial Pleadings and Service," a counterintuitive classification. Despite repeated attempts, my efforts to file the documents under "Replies, Opposition, and Supporting Documents" and "Other Documents" were unsuccessful. The ECF help desk, which closed at 4:30 p.m. on January 10, 2025, was not available for assistance until it reopened on January 13, 2025.

As evidence of Plaintiffs' preparedness and diligence, the response was timely served on Defense Counsel before the filing deadline, and an affidavit of service was prepared.

Under Fed. R. Civ. P. 6(b)(1)(B), the Court has discretion to extend a filing deadline after its expiration upon a showing of "excusable neglect." As the Second Circuit articulated in *Tancredi v. Metropolitan Life Insurance Co.*, 378 F.3d 220, 228 (2d Cir. 2004), a determination of excusable neglect considers: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

Here, all factors favor granting the requested extension. There is no prejudice to Defendant: Plaintiffs served the response on Defense Counsel prior to the filing deadline, ensuring no prejudice to the opposing party. There will be minimal impact on judicial proceedings: The delay in filing is negligible, as the response was filed on the next business day. The reason for the Delay: The delay was caused by a technical misunderstanding of the ECF system's filing requirements, not by any lack of diligence or disregard for the Court's rules or schedule. Plaintiffs' acted in Good Faith: Plaintiffs acted in good faith by serving their response on Defense Counsel within the required timeframe and seeking assistance from the ECF help desk at the earliest opportunity.

Given these circumstances, rejecting Plaintiffs' response would be unduly harsh, particularly as it was fully prepared and served timely. Plaintiffs' inability to anticipate the unusual classification of the response under "Initial Pleadings and Service" constitutes excusable neglect under *Tancredi*.

Accordingly, Plaintiffs respectfully request that the Court grant leave to file their response to the Order to Show Cause on January 13, 2025.

Lewin & Baglio, LLP, remains available at the Court's convenience should the Court require further information or clarification.

Respectfully,

Brendan J. Kearns
Lewin & Baglio, LLP

Attorneys for Plaintiff

CC: All Counsel via ECF